IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JUAN A. PAYAMPS,<br><br>        Plaintiff,<br><br>  v.<br><br>HUAN LE,<br><br>        Defendant. | Civil No. 12-7021 (NLH/AMD) |

**REPORT AND RECOMMENDATION**

Presently before the Court is the motion of Defendant, Huan Le, to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 37(d). (See Motion to Dismiss [Doc. No. 21].) The issue presented by the pending motion is whether pro se Plaintiff's alleged failure to comply with discovery obligations, in addition to the Court's Order dated September 9, 2013, warrants the dismissal of Plaintiff's complaint. In light of the dispositive nature of Defendant's request, this motion will be determined on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The Court has considered Defendant's submission, and notes that Plaintiff filed no opposition, and that the time within which to file opposition has expired. For the reasons set forth herein, the Court recommends that Defendant's motion be granted.

On November 13, 2012, Plaintiff filed the complaint in this action and an application to proceed in forma pauperis. (See generally Complaint Received [Doc. No. 1].) In the complaint, pro se Plaintiff, Juan A. Payamps, generally alleges that Defendant Officer Huan Le used excessive force while effectuating an arrest of Plaintiff on August 30, 2012. (See Complaint Received [Doc. No. 1], 3.) By Order dated December 5, 2012, the District Court granted Plaintiff's application to proceed in forma pauperis, and permitted Plaintiff's "Fourth Amendment excessive force claim under 42 U.S.C. § 1983" to proceed past sua sponte dismissal. (Order [Doc. No. 4], Dec. 5, 2012, 2.) On July 19, 2013, Defendant filed a motion to dismiss, in which Defendant asserted that Plaintiff's "persistent failure to cooperate with discovery" necessitated dismissal of Plaintiff's complaint. (Certification of Counsel [Doc. No 16-1], ¶ 12.) Specifically, Defendant contended that Plaintiff failed to respond to Defendant's letters concerning Plaintiff's allegedly "deficient" responses to interrogatories, failed to respond to Defendant's notice to produce documents, and failed to provide executed medical authorizations. (Id. at ¶¶ 8-11.) By Order dated September 9, 2013, the Court denied Defendant's motion without prejudice, but directed Plaintiff to respond to Defendant's letters concerning outstanding discovery requests, in addition to directing Plaintiff to file a notice of address

change in accordance with Local Civil Rule 10.1(a). (Order [Doc. No. 19], Sept. 9, 2013, 4-5.) The Court's Order expressly stated that, "failure to comply ... may result in the imposition of sanctions including, without limitation, the dismissal of Plaintiff's complaint[.]" (Id. at 5.)

In the "renewed" motion to dismiss presently before the Court, Defendant asserts that "Plaintiff has completely failed to comply with any aspect" of the Court's September 9, 2013 Order. (Memorandum of Law in Support of Defendant's Motion to Dismiss (hereinafter, "Def.'s Br.") [Doc. No. 21-2], 3.) Consequently, Defendant asserts that, "Plaintiff's lack of attention" and "participation in discovery demonstrates an utter disregard of Court Rules" and "his own lawsuit[,]" warranting dismissal of Plaintiff's complaint. (Id.)

The Federal Rules of Civil Procedure provide for the striking of a pleading and the dismissal of an action if a party fails to comply with a discovery order. See FED. R. CIV. P. 37(b)(2)(A). FED. R. CIV. P. 37(b)(2)(A) provides in relevant part:

> If a party . . . fails to obey an order to provide or
> permit discovery, including an order under Rule 26(f),
> 35, or 37(a), the court where the action is pending
> may issue further just orders. They may include the
> following:
> . . .
> (iii) striking pleadings in whole or in part;
> . . .

> (v) dismissing the action or proceeding in whole or in part;
> . . .
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(iii), (v), (vii). However, "'[d]ismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for such cases.'" Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010)(quoting Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984)), adopted by, 2010 WL 1566316 (D.N.J. Apr. 16, 2010).

"In deciding whether sanctions that 'deprive a party of the right to proceed with or defend against a claim' are appropriate, the Court considers the following factors set forth by the Third Circuit in Poulis v. State Farm Fire & Cas. Co." Id. Specifically, the Court considers:

- (i) the extent of the party's personal responsibility;

- (ii) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

- (iii) a history of dilatoriness;

- (iv) whether the conduct of the party or the attorney was willful or in bad faith;

- (v) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(vi) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. In addressing the six factors, the Court notes that "Poulis requires the District Court only to balance the six factors and does not set one factor forth as determinative." Chiarulli, 2010 WL 1371944, at *4 (citing Poulis, 747 F.2d at 868-70). Additionally, the Court need not "find each factor in order to justify dismissal." Starland v. Fusari, No. 10-4930 2012 WL 3277084, at *2 (D.N.J. Aug. 9, 2012) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988); Azkour v. Aria, 330 F. App'x 373, 375 (3d Cir. 2009)).

The first Poulis factor requires examination of the extent of the parties' personal responsibility. Poulis, 747 F.2d at 868. In this case, the Court finds Plaintiff to be personally responsible for his failure to comply with the Federal Rules of Civil Procedure and the Court's September 9, 2013 Order. Though Plaintiff proceeds in this action pro se, proceeding pro se does not insulate a litigant from personal responsibility. See, e.g. Shandex Indus. Inc. v. Vent Right Corp., No. 09-4148, 2011 WL 6132439, at *4 (D.N.J. Dec. 8, 2011) (holding the defendant, a pro se litigant, personally responsible for failure to comply with court orders and failure to appear without explanation); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992) (noting that, as pro se litigants, defendants "had

personal responsibility for the conduct of the litigation"). Rather, Plaintiff's pro se status renders Plaintiff solely responsible for the prosecution and pursuit of Plaintiff's case. See Balla v. Vortez, No. 10-104, 2011 WL 1749928, at *2 (D.N.J. May 6, 2011) ("Plaintiff chose to proceed pro se and, therefore, bears sole responsibility for the prosecution of his claims and compliance with the rules of discovery and this Court's orders."). Beyond responses to initial interrogatories, Plaintiff has provided no response to Defendant's notice to produce documents, nor executed medical authorizations necessary to obtain "relevant medical records." (Def.'s Br. [Doc. No. 21-2], 2.)

As generally set forth supra, Plaintiff filed the complaint in this action while incarcerated in the Atlantic County Justice Facility. (See Order [Doc. No. 2], Nov. 15, 2012, ¶ 2.) Although subsequently released, in the present motion, Defendant asserts that Plaintiff may be "again incarcerated at [the] Atlantic County Justice Facility." (Def.'s Br. [Doc. No. 21-2], 3.) The Court's September 9, 2013 Order directed Plaintiff to provide "a notice of address change[,]" as required by Local Civil Rule 10.1(a).[1] (Order [Doc. No. 19], Sept. 9,

---

[1] Local Civil Rule 10.1(a) requires parties to advise the Court of a change of address within five days. See L. CIV. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within five days

6

2013, 5.) Plaintiff, however, filed no such notice. Though the Court has not received correspondence from Plaintiff since December 2012, (see Motion to Appoint Pro Bono [Doc. No. 6]), there is no indication on the docket that Plaintiff's copy of the Court's September 9, 2013 Order was returned.[2] The Court therefore finds Plaintiff's failure to comply with his discovery obligations under the Federal Rules of Civil Procedure, among other things, solely attributable to Plaintiff. Accordingly, the Court finds that the first Poulis factor favors dismissal of Plaintiff's complaint.

As noted in Chiarulli, "[u]nder the second Poulis factor, the Court examines the prejudice to other parties caused by the delay, including considering whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to

---

of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court.").

[2] Defendant mailed the first motion to dismiss to Plaintiff at the address set forth on the docket. (See Amended Certification of Counsel [Doc. No. 18], ¶ 3.) However, the United States Postal Service returned Defendant's first motion as undeliverable in light of Plaintiff's "[r]elease[][.]" (Id. at ¶ 4.) Defendant then forwarded an additional copy of Defendant's motion to Plaintiff's last known address as set forth in the Atlantic County Justice Facility's records: 407 Sheffield Avenue, Pleasantville, New Jersey 08232. (Id. at ¶ 5.) The Clerk of Court correspondingly mailed the Court's September 9, 2013 Order to 407 Sheffield Avenue, Pleasantville, New Jersey 08232, and the docket sets forth no indication that the Court's Order was returned as undeliverable. (See Order on Motion to Dismiss sent to Juan A. Payamps on 9/9/2013 [Doc. No. 20], 1.)

7

file additional motions in response to the abusive behavior of the responsible party.'" 2010 WL 1371944, at *3 (quoting Huertas v. City of Phila., No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005), aff'd, 139 F. App'x 444 (3d Cir. 2005), cert. denied, 546 U.S. 1076 (2005)). "A party may also be prejudiced if its 'ability to prepare effectively a full and complete trial strategy' is impeded." Chiarulli, 2010 WL 1371944, at *3 (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). Moreover, "[a] finding of prejudice to the opposition party under Poulis 'weighs heavily in favor of dismissal.'" Chiarulli, 2010 WL 1371944, at *3 (quoting Huertas, 2005 WL 226149, at *3). Defendant asserts that "Plaintiff's lack of cooperation in discovery" has inhibited "Defendant's ability to gather facts" necessary to "formulate a record" sufficient to defend this action and to file a dispositive motion. (Def.'s Br. [Doc. No. 21-2], 3.) The Court also notes that, as a result Plaintiff's failure to provide responses to Defendant's discovery requests beyond initial interrogatories, Defendant had to first send at least two (2) letters concerning outstanding discovery, (see, e.g., Certification of Counsel [Doc. No. 16-1], ¶¶ 8, 10), followed by two separate motions to dismiss. (See, e.g., Motion to Dismiss [Doc. No. 17]; Motion to Dismiss [Doc. No. 21].) The Court therefore finds that Plaintiff's failure to participate in the discovery process, failure to comply with

8

court orders, and failure to otherwise pursue this action beyond the pleadings has prejudiced Defendant by inhibiting Defendant's ability to litigate the case. See Hayes v. Nestor, No. 09-6092, 2013 WL 5176703, at *4 (D.N.J. Sept. 12, 2013) (adopting this Court's report and recommendation, which found that plaintiff's conduct rendered "it unnecessarily difficult for [d]efendants to litigate the case"); Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. 10-4520, 2012 WL 2340418, at *4 (D.N.J. June 19, 2012) (adopting this Court's report and recommendation finding that, "[p]laintiffs [were] prejudiced by [d]efendant's failure to appear because [p]laintiffs [were] unable to move beyond the discovery phase of litigation") (citing Hoxworth v. Blinder, Robinson & Co, Inc., 980 F.2d 912, 920 (3d Cir. 1992) (finding prejudice to plaintiffs where defendants "never adequately made" discovery responses)). Therefore, the Court finds the second Poulis factors favors dismissal.

"Under the third Poulis factor, the Court examines whether there is a pattern of dilatoriness. 'Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.'" Chiarulli, 2010 WL 1371944, at *3 (quoting Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citing Poulis, 747 F.2d at 868)). Here,

9

Plaintiff's inaction in this case demonstrates a pattern of dilatoriness. Plaintiff has provided minimal discovery (only responses to initial interrogatories), but has otherwise failed to respond to Defendant's discovery requests or to Defendant's motions to dismiss. See Solomon v. Atl. City Hilton Casino & Resort, No. 10-5701, 2013 WL 3070084, at *5 (D.N.J. Apr. 8, 2013) (finding plaintiff's failure to provide Rule 26 disclosures or to respond to defendants' motions to dismiss demonstrated a history of dilatoriness), adopted by, 2013 WL 2445015 (D.N.J. May 7, 2013). The delay in this case caused by Plaintiff's conduct favors dismissing Plaintiff's complaint.

The fourth Poulis factor considers "whether [Plaintiff's] conduct is willful or in bad faith. In the context of discovery sanctions, willfulness and bad faith 'involve[ ] intentional or self-serving behavior.' By contrast, 'negligent behavior' or 'failure to move with . . . dispatch' — even if 'inexcusable' — will not suffice to establish willfulness or bad faith." Chiarulli, 2010 WL 1371944, at *3 (quoting Adams, 29 F.3d at 875). "However, where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth Poulis factor.'" Hunt-Ruble, 2012 WL 2340418, at *5 (adopting and restating this Court's report and recommendation)(quoting Martino v. Solaris

10

Health Sys. Corp., No. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007) (citing Gillian v. Cape May Cnty. Corr., No. 05-1177, 2006 WL 3454864, at *3 (D.N.J. Nov. 28, 2006))). In this case, Plaintiff has proffered no justification for failing to comply with the Court's September 9, 2013 Order. Nor has Plaintiff set forth any excuse for failing to comply with the discovery obligations prescribed by the Federal Rules of the Civil Procedure. The Court's September 9, 2013 Order expressly provided that, "failure to comply" may "result in the imposition of sanctions including, without limitation, the dismissal of Plaintiff's complaint[.]" (Order [Doc. No. 19], Sept. 9, 2013, 5.) Plaintiff has not complied with the Court's Order. In addition, the docket reflects that Plaintiff has been inactive in this litigation for in excess of eleven months. (See Motion to Appoint Pro Bono [Doc. No. 6] (filed Dec. 21, 2012).) Moreover, Defendant certifies that the present motion was served upon Plaintiff by certified mail at the Atlantic County Justice Facility, and there has been no showing that Plaintiff did not receive a copy of the current motion. (See Certificate of Service [Doc. No. 21-4], ¶ 2.) Therefore, the Court finds that Plaintiff's actions constitute "a willful failure to participate in this litigation[,]" rather than mere "negligence[.]" Hunt-Ruble, 2012 WL 2340418, at *5 (citing Jackson Hewitt, Inc. v. Adams, No. 04-3610, 2006 WL 1457989, at *3 (D.N.J. May 22,

2006)); see also Hayes, 2013 WL 5176703, at *5 (adopting this Court's report and recommendation finding plaintiff's noncompliance with the Court's orders to be willful and intentional). Therefore, the fourth Poulis factor favors dismissal.

With respect to the fifth Poulis factor, the Court finds that alternative sanctions would be ineffective. Defendant asserts that monetary sanctions would "obviously" prove ineffective, in light of the fact that the Court permitted pro se Plaintiff to proceed in this action in forma pauperis. (Def.'s Br. [Doc. No. 21-2], 7.) Plaintiff's conduct of ignoring the Court's Order and not engaging in discovery indicates that Plaintiff has no intention of continuing to litigate this case. Therefore, the Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, his discovery obligations, or his interest in pursuing this case. See Williams v. Sullivan, No. 08-1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011), adopted by, 2011 WL 2112301 (D.N.J. May 25, 2011), aff'd, 506 F. App'x 156 (3d Cir. 2012) (concluding that, "alternative sanctions would not prompt [p]laintiff to comply with his discovery obligations given his refusal to comply thus far even after being placed on notice that sanctions may be imposed."). Consequently, the Court finds that the fifth Poulis factor weighs in favor of dismissal.

The final Poulis factor is the meritoriousness of Plaintiff's claim. In addressing the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. A court, however, is not required to "balance both parties' claims and defenses" or to "have a mini-trial before it can impose a default." Hoxworth, 980 F.2d at 922. At this time, the Court does not have a sufficient factual record to evaluate the meritoriousness of Plaintiff's claim. Rather, because the District Court permitted Plaintiff's excessive force claim to proceed past sua sponte dismissal, the Court shall assume for this analysis that Plaintiff's claim has merit. See Chiarulli, 2010 WL 1371944, at *4 (adopting this Court's report and recommendation, which assumed that plaintiff's claims had merit, in light of the fact the claims were permitted to proceed past sua sponte dismissal).

"'Poulis requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" See Williams, 2011 WL 2119095, at *8 (quoting Chiarulli, 2010 WL 1371944, at *4). In this case, the Court finds that, on balance, the Poulis factors warrant dismissal of Plaintiff's complaint. Therefore, for the reasons set forth supra, the Court respectfully recommends that the District Court

grant Defendant's motion to dismiss, and that Plaintiff's complaint be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to L. CIV. R. 72.1(c)(2) and FED. R. CIV. P. 72(b)(2).

s/ Ann Marie Donio  
ANN MARIE DONIO  
UNITED STATES MAGISTRATE JUDGE

Dated: November 18, 2013

```
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY
            CAMDEN VICINAGE
```

| | |
|---|---|
| JUAN A. PAYAMPS,<br><br>   Plaintiff,<br><br> v.<br><br>HUAN LE,<br><br>   Defendant. | Civil No. 12-7021 (NLH/AMD) |

## **PROPOSED ORDER**

  Presently before the Court is the motion of Defendant, Huan Le, to dismiss <u>pro se</u> Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 37(d). (<u>See</u> Motion to Dismiss [Doc. No. 21]); and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the Court having considered the papers submitted by the parties; and for good cause shown;

  IT IS on this ___ day of _____ 2013 hereby

  **ORDERED** that the Report and Recommendation is **<u>ADOPTED</u>**; and it is further

  **ORDERED** that Plaintiff's Complaint shall be, and is hereby, **<u>DISMISSED WITH PREJUDICE</u>**.

           _____
           NOEL L. HILLMAN
           UNITED STATES DISTRICT JUDGE